# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **10** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: Green Party of Pennsylvania, et al v. Secretary Commonwealth of Penn, et al.

USCA NO.: 15-2451

LOWER COURT or AGENCY and DOCKET NUMBER:
2-14-cv-03299

NAME OF JUDGE: Hon. Stewart R. Dalzell

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

Appellants in this action are: (1) Green Party of Pennsylvania; (2) Libertarian Party of Pennsylvania; (3) William Redpath; (4) Kenneth V. Krawchuk; (5) Paul Glover; (6) Thomas Lee Prigg; (7) John J. Sweeney and (8) Steve Scheetz.

Appellees are Carol Aichele and Jonathan Marks.

This is a civil-rights action filed pursuant to 42 U.S.C. Section 1983. All Appellants are suing all Appellees for injunctive and declaratory relief for violation of rights guaranteed under the First Amendment to the United States Constitution. All Appellants' seek permanent declaratory and injunctive relief against Appellees' unconstitutional enforcement of the Pennsylvania Election Code striking First Amendment speech, in the form of signatures recorded on Nomination Papers required to be filed by Appellants and their candidates with Appellees to place the names of Appellants' candidates for state and federal office on the Commonwealth's general election ballot. Appellants contend that the warren of restrictions placed on signatures recorded on Appellants' Nomination Papers are not narrowly tailored to advance any interest, let alone any compelling governmental interest, nor are necessary for any legitimate administrative purposes. Appellants also contend that Appellees enforcement of certain restrictions placed on signatures recorded on their Nomination Papers violates Appellants' rights under the Supremacy Clause of the United States Constitution. Appellants also contend that Appellees' enforcement of certain restriction placed on signatures recorded on Appellants' Nomination Papers also violate state staturory protections.

Appellants appeal the dismissal of Counts 1, 3, 5, 6, 9, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29 of Appellants' Amended Complaint as part of the lower court's partial granting of Appellees' motion to dismiss.

**LIST** and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.
Memorandum, dated March 2, 2015 (Doc. #33, on District Court's Docket);
Order, dated March 2, 2015 (Doc. #34, on District Court's Docket);
Memorandum, dated May 11, 2015 (Doc. #41, on District Court's Docket);
Order, dated May 11, 2015 (Doc. #42, on District Court's Docket);
Judgment, dated May 11, 2015 (Doc #43, on District Court's Docket).

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

Candidates for state and federal office of Appellants Green Party of Pennsylvania and Libertarian Party of Pennsylvania are required to file Nomination Papers containing valid signatures equal to or in excess of 2% of the number of votes cast for the winner of an immediate past measuring election on or before August 1st of each election cycle with Appellees. Appelees are charged with enforcing provisions of the Pennsylvania Election Code which prohibit certain signature from being recorded on Appellants' nomination papers and/or authorize Appellees to strike signatures from Appellants' Nomination Papers based on restrictions that are not narrowly tailored to advance a legitimate governmental interest or legitimate administrative purpose in violation of rights guaranteed under the First Amendment to the United States Constitution and/or are in violaiton of supreme federal law in violation of the Supremacy Clause of the United States Constitution and/or are in clear violation of the plain meaning of the Pennsylvania Election Code.

Signatures recorded on Nomination Papers are protected political speech under the First Amendment and any restrictions placed on signatures recorded thereon are subject to strict scrutiny. In the modern era, many of the regulations placed on signatures recorded on Nomination Papers in the pre-computer era are no longer narrowly tailored to advance any, let alone a compelling, governmental interest sufficient for the restrictions to survive strict scrutiny. The advancement of computer databases, including various state maintained databases with signature exemplars (such as PennDot's database of lawful Pennsylvania residents - both licensed to drive motor vehicles and unlicensed residents with a state I.D. card) are sufficient to establish the validity of Nomination Paper signatures and no longer permit the Commonwealth from restricting Nomination Paper signatures to registered voters. The advancement of handwriting analysis is now also sufficient to provide admissible evidence of any fraudulent signatures recorded on Nomination Papers to vacate any compelling interest in the Commonwealth to prohibit signatures on Nomination Papers to registered voters. Furthermore, the Commonwealth has divorsed itself of the act of validating Nomination Paper signatures to private parties, in private lawsuit, who are charged with the burden of proof to prove to the relevant court that a signature is invalid such that the Commonwealth maintains no state interest in limiting the universe of lawful Pennsylvania residents (defined as "qualified electors" in the Pennsylvania Election Code who are, based on the clear meaning of the Code permited to sign Nomiantion Papers) who may record their signatures on Nomination Papers to those "qualified electors" who are also registered to vote on the day they recored their signature on Appellants' Nomaintion Papers.

Furthremore, to the extent that Nomination Paper signatures may be limited to only registered "qualified electors" such that only voter registration records may be used to determine the validity of a signature recorded on Appellants' Nomination Papers, additional restrictions which strike authenticated signatures of registered "qualified electors" owing to technical violations of the Pennsylvania Election Code (such as an old address maintained in the voter's registration file even when the signature recorded on the Nomiantion Paper clearly matches the signature recorded on the voter's record, or when the signature was recorded before the signor registered to vote, or when some required information was not recorded by the signor but enough information was recorded to authenticate that the signor is a registered "qualified elector" of the Commonwealth, or when a spouse records address information for their spouse who individual records their own signature) are no longer narrowly tailored to advance a compelling governmental ot administraive purpose in the modern computer era.

Identify the issues to be raised on appeal:

Appellee's enforcement of the challeged provisions of the Pennsylvania Election Code are no longer narrowly tailored to advance a compelling governmental interest or administrative purpose in the modern computer era and cannot survive strict scrutiny.

Appellee's enforcement of certain of the challenged provisions of the Pennsylvania Election Code violate supreme federal law in violation of the Supremacy Clause of the United States Constitution.

Appellee's enforcement of certain of the challenged provisions of the Pennsylvania Election Code violate the clear text of the Pennsylvania Election Code.

Appellees, having divorsed themselves of any validation of Nomiantion Paper signatures, no longer maintain any state interest in maintaining a specific method by which those signatures are validated in judicial proceedings such that there is no state interest in limiting valid Nomiantion Paper signautres to registered "qualified electors" of the Commonwealth through the exclusive use of the state's SURE system as evidence to strike signatures from Appellant's Nomination Papers.

The act of not registering to vote has been recognized by the Supreme Court as protected speech under the First Amendment such that the Commonwealth may not punish such speech by excluding them from advocating for political change through recording their signature on Nomination Papers seeking to expand the universe of candidates on the Commonwealth's general election ballot.

The lower court erred in dismissing Counts 1, 3, 5, 6, 9, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28 and 29 of Appellant's Amended Complaint.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this __14__ day of __July__, 20__15__.

s/ Paul A. Rossi
_____
Signature of Counsel

Rev. 01/2015

## CERTIFICATE OF SERVICE

Counsel hereby certifies that the foregoing document has been served on this date on opposing counsel via the Court's ECF system.

Dated: July 14, 2015

*Paul A. Rossi*
Paul A. Rossi, Esq.
*Counsel to Appellants*
PA I.D. # 84947
873 East Baltimore Pike
Suite #705
Kennett Square, PA  19348
717.615.2030
Paul-Rossi@comcast.net